IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00492-RJC
(3:07-cr-00233-RJC-1)

| | |
|---|---|
| SAMMY ESQUEDA FRAUSTI, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>                                             ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I.  BACKGROUND

On November 15, 2007, Petitioner was indicted in this District on one count of conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); one count of possession with intent to distribute heroin and aiding and abetting the same, all in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2 (Count Two); and one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). (3:07-cr-00233, Doc. No. 46: First Superseding Bill of Indictment). On January 4, 2008, Petitioner pleaded guilty pursuant to a written plea agreement to Counts One and Three and the Government agreed to dismiss Count Two. (Id., Doc. No. 71: Plea Agreement; Doc. No. 72: Acceptance and Entry of Guilty Plea).

In the Petitioner's presentence report (PSR), the probation officer found a total offense

1

level of 35 and with a criminal history category of I, Petitioner's Guidelines range was 168-210 months in prison on Count One and a mandatory, consecutive term of 5 years on Count Three. (Id., Doc. No. 115: PSR ¶ 53). On July 17, 2008, Petitioner was sentenced to a term of 228-months' imprisonment and he did not appeal. (Id., Doc. No. 156: Judgment).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this collateral proceeding, Petitioner argues that he is entitled to relief from his sentence based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional.[1] (3:16-cv-00492, Doc. No. 1: Motion to Vacate at 4). Specifically, Petitioner contends that his conviction for using and carrying a firearm during and in relation to a drug trafficking crime is no longer valid because the holding in Johnson invalidated the term "crime of violence" in 18 U.S.C. § 924(c).

Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of

---

[1] In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense" or both, that are "committed on occasions different from one another . . ." Id. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause.").[2] The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii)

Petitioner's argument fails for the simple reason that he was not convicted of carrying a firearm in connection with committing a crime of violence; but rather he was convicted of carrying the firearm while committing a drug trafficking crime. Thus, the holding in Johnson has no impact on the legality of his conviction or sentence.

IV.     CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 Motion to Vacate is without merit and it will be dismissed.

---

[2] The Fourth Circuit observed that the "term 'crime of violence,' and its cousin, the term 'violent felony' are defined in various statutory provisions, including § 924(c), and in the Sentencing Guidelines, including section 4B1.2. In light of the striking similarities among those definitions, the court decisions interpreting one such definition are persuasive as to the meaning of the others." United States v. McNeal, 818 F.3d 141, 153 n.9 (4th Cir. 2016) (citing United States v. Williams, 67 F.3d 527, 528 (4th Cir. 1995)).

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**SO ORDERED**.

Signed: September 26, 2016

Robert J. Conrad, Jr.
United States District Judge